IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:23-cr-00014-MR-WCM-1

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| **THOMAS DEWEY TAYLOR, JR.,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Unopposed Motion to Continue Trial Date and to Extend Pretrial Motions Deadline [Doc. 17].

On February 8, 2023, the Defendant was charged in a Bill of Indictment with one count of maliciously damaging and destroying, and attempting to damage and destroy, by means of fire and explosive, a building used in interstate foreign commerce and in activities affecting interstate and foreign commerce, all in violation of 18 U.S.C. § 844(i); and one count of knowingly possessing a firearm, namely, a destructive device, not registered to him in the National Firearms Registration and Transfer Record, all in violation of 26 U.S.C. §§ 5841, 5845, 5861(d), and 5871. [Doc. 1]. On March 1, 2023, the Defendant's initial appearance and arraignment were held, at which time the

Magistrate Judge appointed counsel and calendared the case to the March 6, 2023 trial term and then, pursuant to 18 U.S.C. § 3161(c)(2), continued the case to the May 1, 2023 trial term. Upon motion of the Defendant, the Court continued the case to its current setting during the June 26, 2023 trial term. [Doc. 15].

The Defendant now seeks another continuance of the trial date. [Doc. 17]. As grounds, counsel states that additional time is needed to continue discussions with the Government and to further investigate the case, as well as to research and prepare any necessary pretrial motions. Counsel further represents that the Government does not oppose the requested continuance. [Doc. 17].

The Court finds that the case should be continued. If the requested continuance were not granted, the Court finds that counsel would be denied "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). Further, without the requested continuance, counsel would not have the ability to engage in meaningful plea negotiations, which would result in a miscarriage of justice. See 18 U.S.C. § 3161(h)(7)(B)(i).

For the reasons stated herein, the ends of justice served by the granting of the continuance outweigh the best interests of the public and the Defendant in a speedy trial. See 18 U.S.C. § 3161(h)(7)(A).

With respect to the Defendant's motion requesting an extension of the pretrial motions deadline, the Court finds for the reasons stated in the motion, and for good cause shown, sufficient grounds to grant an extension of the pretrial motions deadline to July 7, 2023.

**IT IS, THEREFORE, ORDERED** that the Defendant's Unopposed Motion to Continue Trial Date and to Extend Pretrial Motions Deadline [Doc. 17] is **GRANTED**, and the above-captioned case is hereby **CONTINUED** from the June 26, 2023 trial term in the Asheville Division.

**IT IS FURTHER ORDERED** that the Defendant's deadline for filing pretrial motions is hereby **EXTENDED** to **July 7, 2023.**

**IT IS SO ORDERED.**

Signed: June 12, 2023

Martin Reidinger
Chief United States District Judge