IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-CR-14-MR-WCM

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | APPENDIX TO |
| v. | ) | RULE 11 ORDER |
| | ) | |
| THOMAS DEWEY TAYLOR, JR. | ) | |
| | ) | |

*During a hearing on his/her proposed plea of guilty, Defendant was advised as follows:*

Count One:

18 U.S.C. § 844(i)

> Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce shall be imprisoned for not less than 5 years and not more than 20 years, fined under this title, or both; ....

Elements[1]:

1. That you acted maliciously;

2. That you damaged or destroyed or attempted to damage or destroy a building, vehicle, or other real or personal property;

---

[1] See United States v. Gullett, 75 F.3d 941, 947 (4th Cir. 1996) ("To maintain a prosecution under 18 U.S.C. § 844(i), the government must prove that the defendant: (1) maliciously; (2) damaged or destroyed a building, vehicle, or other real or personal property; (3) by means of fire or explosive; and (4) the building, vehicle, or personal or real property was used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce.").

11

Case 1:23-cr-00014-MR-WCM   Document 24-1   Filed 10/25/23   Page 1 of 6

3. That you did so by means of fire or explosive; and

4. That the building, vehicle, or personal or real property was used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce.

## Penalty:

The maximum possible penalty for such an offense is a term of imprisonment of not less than 5 years and not more than 20 years, a fine not to exceed $250,000, a term of supervised release of not more than 3 years, and a $100 special assessment.

Count Two:

26 U.S.C. § 5861

It shall be unlawful for any person—

> (d) to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record.

### Elements[2]:

1. That you received or possessed one or more "firearm(s)"[3] as defined by the National Firearms Act[4];

2. That the "firearm(s)" was/were not registered to you in the National Firearms Registration and Transfer Record; and

---

[2] See United States v. Jamison, 635 F.3d 962, 967-68 (7th Cir. 2011) ("To convict Jamison under 26 U.S.C. §§ 5861(d) and 5845(a), the government needed to prove three elements: (1) that Jamison 'consciously possessed what he knew to be a firearm'; (2) that he 'was aware of the ... features that brought his gun within the realm of regulation'; and (3) that the firearm was unregistered, although it was not required to prove that Jamison knew the firearm was unregistered.") (citations omitted).

[3] The term "firearm" includes "a destructive device." 26 U.S.C. § 5845(a). "The term 'destructive device' means (1) any explosive, incendiary, or poison gas (A) bomb, (B) grenade, (C) rocket having a propellent charge of more than four ounces, (D) missile having an explosive or incendiary charge of more than one-quarter ounce, (E) mine, or (F) similar device; (2) any type of weapon by whatever name known which will, or which may be readily converted to, expel a projectile by the action of an explosive or other propellant, the barrel or barrels of which have a bore of more than one-half inch in diameter, except a shotgun or shotgun shell which the Secretary finds is generally recognized as particularly suitable for sporting purposes; and (3) any combination of parts either designed or intended for use in converting any device into a destructive device as defined in subparagraphs (1) and (2) and from which a destructive device may be readily assembled." 26 U.S.C. § 5845(f).

[4] 26 U. S. C. §§5801-5872.

3. That you knew the "firearm(s)" had the characteristics that brought it/them within the definition of a "firearm" in the National Firearms Act.[5]

## Penalty:

The maximum possible penalty for such an offense is a term of imprisonment of not more than 10 years, a fine not to exceed $10,000, a term of supervised release of not more than 3 years, and a $100 special assessment.[6]

---

[5] See Rogers v. United States, 522 U.S. 252, 255 (1998) ("The *mens rea* element of a violation of § 5861(d) requires the Government to prove that the defendant knew that the item he possessed had the characteristics that brought it within the statutory definition of a firearm. It is not, however, necessary to prove that the defendant knew that his possession was unlawful, or that the firearm was unregistered."); See also Staples v. United States, 511 U.S. 600, 619 (1994) ("Government should have been required to prove that petitioner knew of the features of his AR–15 that brought it within the scope of the Act.").

[6] 26 U.S.C. § 5871.

14

Case 1:23-cr-00014-MR-WCM   Document 24-1   Filed 10/25/23   Page 4 of 6

Count Three:

26 U.S.C. § 5861

It shall be unlawful for any person—

(f) to make a firearm in violation of the provisions of this chapter.

### Elements[7]:

1. That you knowingly made one or more "firearm(s)," as defined by the National Firearms Act; and

2. That you failed to obtain an approved application form from the Secretary of the Treasury or his delegate showing approval to make and register the "firearm".

### Penalty:

The maximum possible penalty for such an offense is a term of imprisonment of not more than 10 years, a fine not to exceed $10,000, a term of supervised release of not more than 3 years, and a $100 special assessment.[8]

---

[7] See United States v. Williams, 775 F.2d 1295, 1303 n.7 (5th Cir. 1985) ("A violation of Title 26, United States Code, Sections 5861(f) and 5871. In order to establish the offense prohibited by this statute, there are two essential elements which the government must prove beyond a reasonable doubt. First: that the defendant on or about the time and at the place charged in the indictment, knowingly made a destructive device; and Second: that prior to the making of the destructive device, the defendant failed to obtain an approved application form from the Secretary of the Treasury or his delegate showing approval to make and register the destructive device as required by Section 5822.").

[8] 26 U.S.C. § 5871.

*By signing below, Defendant and counsel acknowledge the foregoing information.*

_____
Defendant's Signature

_____
Counsel's Signature